# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BLUE MARTINI LAS VEGAS, LLC, a Nevada Limited Liability Company d/b/a BLUE MARTINI LOUNGE<br><br>Plaintiff,<br><br>v.<br><br>BRENDA H. ENTZMINGER, ESQ., PHILLIPS SPALLAS & ANGSTADT, LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:15-cv-0273-APG-VCF<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>(Dkt. #8) |

Defendants removed this case to federal court on February 17, 2015. In their Petition for Removal, they state that complete diversity exists among the parties because plaintiff is a Nevada business entity, defendant Brenda H. Entzminger is a California citizen, and defendant Phillips Spallas & Angstadt, LLC is a Nevada limited liability company whose owners are California citizens. (Dkt. #1 at 2:14-23.) Plaintiff moves to remand this case to state court, alleging that Ms. Entzminger is actually a Nevada citizen, thereby defeating complete diversity of citizenship of the parties.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Remand is required if the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n,* 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure").

"A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). Courts must "strictly construe the removal

statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (citations omitted). The defendant may rely upon facts presented in the removal petition as well as any "summary-judgement-type evidence relevant to the amount in controversy at the time of removal" to "satisfy the preponderance of the evidence test for jurisdiction." *Id.*

A "summary-judgment-type" analysis of the evidence in this case reveals there is a question of fact regarding Ms. Entzminger's citizenship. While she offers her own declaration listing her activities in California, she does not deny that she continues to hold a Nevada Driver's License listing a Nevada address, she last voted in Nevada (in 2012), and she is the managing partner of her law firm's Las Vegas office. Moreover, her biography on her law firm's webpage list only a Las Vegas address for her and focuses entirely on her Nevada practice, with the only mention of California being her bar membership in that state. Although she paid income tax in California, non-residents who earn income in California also must pay California state income tax. Thus, there is more than a little doubt about Ms. Entzminger's residency.

Given this factual dispute, the strong presumption against removal, and resolving doubts against removal, remand is appropriate.

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed. The Clerk of the Court is instructed to close this case.

Dated: July 21, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE